```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

WAYNE ARTHUR SAKKER,

       Petitioner,

v.                                   Case No: 2:16-cv-712-FtM-29MRM

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

       Respondents.
_____

## OPINION AND ORDER

Pending before the Court is Petitioner Wayne Arthur Sakker's ("Petitioner") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 constructively filed on September 13, 2016.[1] (Doc. #1, "Petition"). Petitioner is confined within the Florida Department of Corrections and challenges his January 5, 2012 conviction, after jury trial, for Lewd and Lascivious Molestation on a Person Less than 12 Years of Age entered by the Twentieth Judicial Circuit Court in Charlotte County, Florida in case number

---

[1] Respondent submits that the Petition "reflects prison officials received it for mailing on September 20, 2016." (Doc. #13 at 6). Instead, the Petition was stamped received and docketed by the clerk on September 20, 2016. (See Doc. #1). Respondent correctly notes that the Court applies the "mailbox rule" to habeas petitions and considers a petition filed on the date the prisoner "delivers the [petition] to prison authorities for mailing." Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (citing Houston v. Lack, 487 U.S. 266, 275 (1988)). Here the Petition was date-stamped as received by prison officials on September 13, 2016. (Doc. #1-3). Consequently, the Court deems the Petition as filed on this date, not September 20, 2016.

2009-CF-1661. (Id. at 1-2). The Court ordered Respondent, the Secretary of the Florida Department of Corrections, to show cause why the relief sought in the Petition should not be granted (Doc. #6). Respondent filed a Limited Response (Doc. #13) asserting that the Petition must be dismissed as time-barred because it was filed beyond the one-year period of limitations set forth in 28 U.S.C. § 2244(d)(1)(A). Petitioner elected not to file a reply despite being afforded an extension of time to file a reply. (See Doc. #18). Based upon a careful review of the pleadings and record, the Court finds that the Petition is subject to dismissal a time-barred.

## I. Procedural History

On May 19, 2010, the State filed an Amended Information charging Petitioner with Lewd and Lascivious Molestation on a Person Less than 12 Years of Age. (Ex. 1 at 41).[2] After a jury trial, Petitioner was found guilty as charged; and, on January 10, 2012 was sentenced to life in prison. (Ex. 3). On May 8, 2013, the Second District Court of Appeal affirmed Petitioner's conviction and sentence. (Ex. 7). Petitioner did not file a petition for writ of certiorari with the United States Supreme Court.

---

[2] The Court will refer to the paper exhibits filed by Respondent on August 25, 2017 (Doc. #16) as "Ex._."

Petitioner initially filed a motion for post-conviction relief pursuant to Rule 3.850 on March 19, 2014, but the motion was stricken by the court because it failed "to include a proper oath." (Ex. 13 at v). Subsequently, on April 3, 2014, Petitioner filed an Amended Rule 3.850 Motion for postconviction relief. (Ex. 8). After an evidentiary hearing, (Ex. 9), the postconviction denied the motion. (Ex. 10). The state appellate court *per curiam* affirmed the denial of Petitioner's Amended Rule 3.850 Motion (Ex. 15), and mandate issued on May 5, 2016 in case no. 2D14-4800. (Ex. 16). As noted, Petitioner constructively filed his Petition in this Court on September 13, 2016.

## II. **Analysis**

### A. **A 28 U.S.C. § 2254 federal habeas corpus petition is subject to a one-year statute of limitation**

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. This limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

> United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Here, Petitioner does not allege, nor does it appear from the pleadings or record, that the statutory triggers set forth in §§ 2244(d)(1)(B)-(D) apply. Therefore, the statute of limitations is measured from the remaining statutory trigger, which is the date on which Petitioner's conviction became final. 28 U.S.C. §§ 2244(d)(1)(A).

**B. Petitioner's federal habeas corpus petition is untimely under 28 U.S.C. § 2244(d)(1)(A)**

Petitioner timely filed a direct appeal as provided by Florida Rule of Appellate Procedure 9.140 (providing a defendant in a criminal case with 30 days to file a notice of appeal), which was denied by the State appellate court on May 8, 2013. Thus, Petitioner's conviction and sentence became final on Tuesday, August 6, 2013, ninety days after the State court's entry of its denial since Petitioner did not petition for a writ of certiorari. Gonzalez v. Thaler, 565 U.S. 134, 150 (2012)(where petitioner elects not to seek direct review by the Supreme Court his judgment

is not considered final until the time for seeking such review expires); Rules of the Supreme Court of the United States, R. 13(3) (90-day period commences upon the date of entry of order not mandate).

Consequently, the federal limitations period commenced on August 7, 2013, and expired one year later on Thursday, August 7, 2014, absent tolling. San Martin v. McNeil, 633 F.3d 1257, 1266 (11th Cir. 2011) (applying Fed. R. Civ. P. 6(a)(1) in computing AEDPA's one-year limitation period to begin to run from the day after the day of the event that triggers the period); Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (AEDPA's one year "limitations period should be calculated according to the 'anniversary method,' under which the limitations period expires on the anniversary of the date it began to run.") (citing Ferreira v. Sec'y Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)).

The one-year AEDPA clock is "tolled during times in which a 'properly filed' application for state post-conviction relief is 'pending.'" Green v. Sec'y, Dep't of Corr., 877 F.3d 1244, 1247 (11th Cir. 2017)(citations omitted); see also 28 U.S.C. § 2244(d)(2)("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

Petitioner's initial Rule 3.850 motion that was stricken by the post-conviction court due to its failure to contain a proper oath is not a "properly filed" motion; and, thus does not act to toll the federal limitations period. Florida law requires that a Rule 3.850 motion be signed by the defendant himself and contain a notarized or unnotarized oath. See Fla. R. Crim. P. 3.987(1). The Eleventh Circuit has "held that a Rule 3.850 motion that did not contain the written oath required by Florida law was not 'properly filed' under § 2244(d)(2) and, thus, did not toll AEDPA's one-year limitations period." Jones v. Sec'y Fla. Dep't of Corr., 499 F. App'x 945, 950 (11th Cir. 2012)(citing Hurley v. Moore, 233 F.3d 1295, 1297–98 (11th Cir. 2000)). Therefore, 239 days elapsed on AEDPA's clock before Petitioner "properly filed" filed a postconviction motion, his Amended Rule 3.850 Motion (Ex. 8), which was delivered to correctional officials for mailing on April 3, 2014. The motion remained pending until May 5, 2016, when mandate issued on the appeal of the denial of the motion (Ex. 16). "In Florida, a state post-conviction motion is pending until the appropriate appellate court issues the mandate for its order affirming a state trial court's denial of the motion." Woulard v. Sec'y, Dep't of Corr., 707 F. App'x 631, 633 (11th Cir. 2017). Because Petitioner filed no other State post-conviction motions, he had 126 days, or until Thursday, September 8, 2016 to file a timely Petition. Thus, his Petition constructively filed on

September 13, 2016 when it was delivered to correctional officials for mailing was filed five (5) days <u>after</u> the federal limitations period had expired and is untimely.

### C. Petitioner is not entitled to equitable tolling

The Supreme Court has recognized that the period specified in 28 U.S.C. § 2244 "is a statute of limitations, not a jurisdictional bar," and thus, a petitioner may be entitled to "equitable tolling in an appropriate case." <u>Cole v. Warden, Georgia State Prison</u>, 768 F.3d 1150, 1157 (11th Cir. 2014) (citing <u>Holland v. Florida</u>, 560 U.S. 631, 645 (2010)). To be entitled to equitable tolling a petitioner must show that "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." <u>Holland</u>, 560 U.S. at 649(internal quotation marks omitted). The assessment of equitable tolling is made "on a case-by-case" basis, considering "specific circumstances" and "decisions made in similar cases for guidance." <u>Hutchinson v. Florida</u>, 677 F.3d 1097, 1098 (11th Cir. 2012). Because equitable tolling is an extraordinary remedy, it is "limited to rare and exceptional circumstances and typically applied sparingly." <u>Cadet v. Fla. Dep't of Corr.</u>, 742 F.3d 473, 477 (11th Cir. 2014) (internal quotation marks omitted).

Petitioner fails to address the limitations period in his Petition despite the form petition advising a petitioner to address why the one-year limitations period does not bar their petition.

(Doc. #1 at 24, ¶ 18). Respondent filed a Limited Response on August 10, 2017 seeking dismissal of the Petition as time-barred (Doc. #13), and this Court granted Petitioner an extension of time until February 26, 2018 to file a reply. (See Doc. #18). As of the date of this Order Petitioner has not filed a reply and the Court independently finds no reason in the record to excuse Petitioner from the time bar.

Based on the foregoing, the Court concludes that Petitioner is not entitled to statutory or equitable tolling. As a result, the Petition is dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).

### III. Certificate of Appealability

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36

(2003) (citations omitted). Petitioner has not made the requisite showing in these circumstances and is not entitled to a certificate of appealability. Because he is not entitled to a COA, he is not permitted to proceed *in forma pauperis*.

Accordingly, it is hereby

**ORDERED:**

1. The Petition (Doc. #1) is **DISMISSED WITH PREJUDICE** as time-barred.

2. Petitioner is **DENIED** a Certificate of Appealability. To the extent Petitioner wishes to appeal and cannot afford the filing fee, he must file his application to proceed *in forma pauperis* on appeal to the United States Court of Appeals for the Eleventh Circuit.

3. The Clerk of the Court is directed to enter judgment accordingly, terminate any pending motions, and close this case.

**DONE and ORDERED** at Fort Myers, Florida, this __14th__ day of June, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:
Counsel of Record